# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Richmond Division

OZIE BRADFORD, )
)
        Plaintiff, )
)
v. ) Civil Action No. 3:18-cv-570–HEH
)
JAMES MATTIS, )
Secretary, U.S. Department of )
Defense, Defense Contract )
Management Agency, )
)
        Defendant. )

## MEMORANDUM OPINION
### (Granting Defendant's Motion to Dismiss)

This matter is before the Court on a Motion to Dismiss (the "Motion," ECF No. 3), filed on November 5, 2018 on behalf of James Mattis ("Defendant"), the Secretary of Defense of the United States. Ozie Bradford (*pro se* "Plaintiff"), who received a copy of Defendant's Motion and its Memorandum in Support (ECF No. 4), has failed to file any response in opposition. Accordingly, and pursuant to Local Rule 7(J), the matter is ripe for this Court's review, and the Court will dispose of the matter without a hearing because the relevant legal issues have been sufficiently developed. *See* Fed. R. Civ. P. 78.

### I. BACKGROUND

Plaintiff seeks relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et. seq.*, and Section 501 of the Rehabilitation Act of 1973, 29 U.S.C. § 791. Plaintiff is a federal employee with the Defense Contract Management Agency

("DCMA"), located in Fort Lee, Virginia, and he alleges that he was subjected to various forms of harassment and discrimination by his supervisor from late 2012 through 2014. (Compl. ¶¶ 1, 9–42.) In addition, Plaintiff alleges that his supervisor revoked Plaintiff's reasonable accommodation, a flexible work schedule, without justification.[1] (*Id.* at ¶ 21.)

Defendant has provided additional, relevant documents that are attached as exhibits to his Memorandum in Support of the Motion to Dismiss. These exhibits detail the administrative steps Plaintiff took to prosecute his discrimination claims. (Def.'s Mem. in Supp. Exs. 1–5, ECF Nos. 4-1–4-5.) Specifically, Defendant filed a formal complaint of discrimination on January 16, 2015. (Def.'s Mem. in Supp. Ex. 1.) Thereafter, Plaintiff requested a hearing before the Equal Employment Opportunity Commission ("EEOC"), to which DCMA filed a Motion for Summary Judgment. (Def.'s Mem. in Supp. Ex. 3.) On May 1, 2018, an EEOC administrative law judge granted DCMA's Motion for Summary Judgment. (*Id.*) DCMA then entered a Final Agency Action ("FAA") on May 7, 2018. (*Id.*) Plaintiff appealed the FAA on June 20, 2018 to the EEOC's Office of Federal Operations ("OFO"). (Def.'s Mem. in Supp. Ex. 4.) Notably, in addition to appealing the FAA, Plaintiff also filed the current civil action on August 17, 2018—this action was filed before OFO could resolve Plaintiff's appeal.

In his Motion, Defendant argues that the Court lacks subject matter jurisdiction over Plaintiff's Complaint because he failed to properly exhaust his administrative remedies—a factor that is essential to this Court's jurisdiction over Plaintiff's claims.

---

[1] The Court concludes for reasons detailed *infra* that it lacks subject matter jurisdiction over Plaintiff's Complaint. Therefore, a detailed recitation of Plaintiff's factual allegations is unnecessary to the Court's disposing of the matter.

2

(*See generally* Def.'s Mem in Supp.) The Court is persuaded by Defendant's arguments, and consequently, the Court will grant Defendant's Motion for the reasons detailed below.

## II. STANDARD OF REVIEW

A challenge to a court's subject matter jurisdiction can occur at any point during litigation because subject matter jurisdiction invokes the court's power to resolve a legal dispute. *See* Fed. R. Civ. P. 12(b)(1); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (stating subject matter jurisdiction can never be forfeited or waived). A challenge to subject matter jurisdiction under Rule 12(b)(1) may be facial or factual. A facial challenge contends that the complaint fails to allege facts upon which subject matter jurisdiction can be based. In reviewing such a challenge, "all the facts alleged in the complaint are assumed to be true and the plaintiff . . . is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

Alternatively, if a defendant makes a factual challenge to subject matter jurisdiction, "the district court may then go beyond the allegations of the complaint and resolve the jurisdictional facts in dispute by considering evidence outside the pleadings . . . ." *U.S. ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 348 (4th Cir. 2009) (citing *Adams*, 697 F.2d at 1219). However, the court's consideration of information beyond the pleadings does not necessarily convert a 12(b)(1) motion to one for summary judgment. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (citation omitted); *McBurney v. Cuccinelli*, 616 F.3d 393, 409 (4th Cir. 2010) (Agee, J., concurring in part

and dissenting in part) (motions under Rule 12(b)(1) are not restricted by Rule 12(d)). Regardless of whether a 12(b)(1) challenge is facial or factual, the plaintiff bears the burden of proving jurisdiction by a preponderance of evidence. *Jadhav*, 555 F.3d at 347–48; *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

In addition, a court must review *pro se* complaints with a liberal construction. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). However, this requirement cannot excuse a clear failure in the pleadings to allege a federally cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). As the Fourth Circuit explained in *Beaudett v. City of Hampton*, "[t]hough [*pro se*] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." 775 F.2d 1274, 1276 (4th Cir. 1985).

## III.  DISCUSSION

Congress intended for Title VII's protections to apply equally to federal employees. *See* 42 U.S.C. § 2000e-16(a), (c). However, before a federal employee can avail himself of Title VII's enforcement provisions under 42 U.S.C. § 2000e-5, he must first exhaust the administrative remedies that are available to him. *See generally* 29 C.F.R. §§ 1614, *et. seq*; *Hentosh v. Old Dominion Univ.*, 767 F.3d 413, 416 (4th Cir. 2014) ("Prior to pursuing a Title VII claim in federal court, a plaintiff must exhaust her administrative remedies by filing a charge of discrimination with the EEOC.") (citation omitted). "[A] failure by the plaintiff to exhaust administrative remedies concerning a

4

Title VII claim deprives the federal courts of subject matter jurisdiction over the claim." *Hentosh*, 767 F.3d at 416 (quoting *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009)).

The Court now turns to the administrative remedies that are implicated in the current matter. Following the unsuccessful outcome of a discrimination complaint, a complainant may appeal an "agency's final action or dismissal of a complaint," within 30 days of the receipt of that decision. 29 C.F.R. §§ 1614.401(a), 1614.402. Furthermore, 29 C.F.R. § 1614.407 states:

> A complainant who has filed an individual complaint . . . is authorized under title VII, the ADEA and the Rehabilitation Act to file a civil action in an appropriate United States District Court:
> * * *
> (c) Within 90 days of receipt of the Commission's final decision on an appeal; or
> (d) After 180 days from the date of filing an appeal with the Commission if there has been no final decision by the Commission.

29 C.F.R. § 1614.407. However, "[o]nce a complainant has chosen to appeal a final agency action for review by the EEOC, the complainant is committed to that course of action, and cannot abandon administrative review in favor of bringing a civil action." *Fleming v. Potter*, No. 2:04CV444, 2005 WL 1185806, at *5 (E.D. Va. May 17, 2005) (collecting cases).

In the current matter, Plaintiff filed his appeal with OFO on June 20, 2018. By choosing this administrative path, Plaintiff was obligated to pursue it until he received a final decision, *see* § 1614.407(c), or until 180 days had passed without receiving a final decision, *see* § 1614.407(d). Simply put, Plaintiff failed to exhaust this administrative

5

path when he filed the current civil action. Rather, Plaintiff's Complaint was filed on August 17, 2018, prior to the resolution of his appeal and only 58 days after he noticed his appeal. Thus, Plaintiff did not receive a final decision on his appeal prior to filing this suit *and* he also fell significantly short of § 1614.407(d)'s 180-day requirement. Furthermore, the fact that the OFO eventually rendered an opinion on October 18, 2018[2] is inconsequential because Plaintiff's Complaint lacked subject matter jurisdiction at the time it was filed. *See Nationwide Mut. Ins. Co. v. Simms*, 231 F. Supp. 787, 792 (D. Md. 1964) ("It is a basic and well established principle that jurisdiction must exist at the time of the filing of the complaint . . . ."). Thus, the subsequent rendering of a final decision by OFO does not retroactively cure the jurisdictional defect in Plaintiff's Complaint. Therefore, because Plaintiff failed to exhaust his administrative remedies in this case, the Court is without subject matter jurisdiction to hear the matter, and Defendant's Motion to Dismiss will be granted. An accompanying Order will follow this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: Dec. 28, 2018
Richmond, Virginia

---

[2] OFO ultimately dismissed Plaintiff's appeal because it was untimely. "A review of the final order reveals that the Agency properly advised Complainant that he had 30 calendar days after receipt of its final order to file an appeal with the Commission. In order to be timely, Complainant would have had to file his appeal by June 18, 2018. . . . Accordingly, Complainant's June 20, 2018 appeal is untimely and is DISMISSED. *See* 29 C.F.R. § 1614.403(c)." (Def.'s Mem. in Supp. Ex. 5.)